UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JULIAN ALLENDER,

        Plaintiff,                   Case No. 2:22-cv-189

v.                                          Hon. Hala Y. Jarbou

UNKNOWN MINTHORN, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 5.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Whitney, Johnson, Pelky, and Neubecker. The Court will also dismiss, for failure to state a claim, Plaintiff's Eighth Amendment claims concerning the denial of meals against remaining Defendants Minthorn and Hartz. The following claims remain in the case: (1) Plaintiff's Eighth Amendment claim against Defendant Hartz regarding the denial of toilet paper; and (2) Plaintiff's Eighth Amendment claim against Defendant

Minthorn regarding the denial of cleaning supplies and leaving Plaintiff in a feces- and waste-covered cell. The Court will also deny Plaintiff's motion to appoint counsel. (ECF No. 2.)

## Discussion

### I. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel, asserting that counsel is needed because he has limited access to the law library, suffers from impaired vision and mental disorders, and has a limited knowledge of the law. (ECF No. 2, PageID.30.) Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. Plaintiff's motion to appoint counsel (ECF No. 2) will, therefore, be denied.

### II. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Assistant Deputy Warden Unknown Pelky; Lieutenants Unknown Minthorn and Unknown Neubecker; and Correctional Officers Unknown Whitney, Unknown Johnson, and Unknown Hartz.

Plaintiff alleges that he has been diagnosed with depression and antisocial personality disorder and receives mental health services. (ECF No. 1, PageID.4.) On December 28, 2021, he was sent to Q Block, cell 2, for observation purposes. (*Id.*) On December 30, 2021, Defendant Minthorn, "with evil intent," told Defendant Whitney not to feed Plaintiff. (*Id.*) When dinner came, Defendant Whitney "made no attempt to feed [Plaintiff his] tray, nor did she give any directive for [him] to follow to get [his] food." (*Id.*)

The next day, Defendant Hartz refused to give Plaintiff toilet paper and his dinner tray. (*Id.*) He told Plaintiff, "Wipe your a** with your hands." (*Id.*) Defendant Pelky was conducting rounds and Plaintiff told him what Defendant Hartz had done. (*Id.*) Defendant Pelky "failed to help or do anything to stop these actions." (*Id.*) That same day, Defendant Minthorn refused to give Plaintiff cleaning supplies "to clean the human feces off [his] wall, and to clear the urine and feces water off the floor." (*Id.*) Plaintiff contends that he had to endure these conditions until January 4, 2022, when he was moved to segregation. (*Id.*)

Defendant Johnson did not give Plaintiff his breakfast and lunch trays on January 2, 2022. (*Id.*) Plaintiff notified Defendant Neubecker that he had not received his meals, and she did nothing to help. (*Id.*) When dinner came, Defendant Johnson came into the unit and told Defendant Whitney not to feed Plaintiff. (*Id.*, PageID.5.) As Defendant Whitney passed out trays, she passed right by Plaintiff's cell without giving him a tray. (*Id.*) Plaintiff contends that he received only 3 out of 9 meals from December 31, 2022, through January 2, 2022. (*Id.*)

Based on the foregoing, Plaintiff asserts First and Eighth Amendment violations. (*Id.*, PageID.7.) He seeks declaratory relief, as well as compensatory and punitive damages. (*Id.*)

### III. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

3

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.     **First Amendment Retaliation Claim**

Plaintiff vaguely suggests that Defendant Minthorn retaliated against him, in violation of his First Amendment rights, by telling Defendant Whitney not to feed Plaintiff and by failing to stop the "ongoing food deprivation." (ECF No. 1, PageID.7.) Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are

5

allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening) (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998)).

Here, Plaintiff has merely alleged the ultimate fact of retaliation in this action. Even if the denial of meals qualifies as adverse action, Plaintiff's retaliation claim fails at the first element. His complaint is wholly devoid of facts suggesting that he engaged in any protected conduct prior to Defendant Minthorn allegedly telling Defendant Whitney to not feed Plaintiff and failing to stop the "ongoing food deprivation." Plaintiff, therefore, has not set forth a viable retaliation claim, and such claim will be dismissed.

B. **Eighth Amendment Conditions of Confinement Claims**

Plaintiff asserts that Defendants violated his Eighth Amendment rights by denying him several meals during the period from December 30, 2021, through January 2, 2022. Plaintiff also contends that Defendant Hartz violated his Eighth Amendment rights by denying him toilet paper on December 31, 2021, and that Defendant Pelky failed to "help or do anything" about Defendant Hartz's actions. Third, Plaintiff avers that Defendant Minthorn violated his Eighth Amendment rights by denying him cleaning supplies on December 31, 2021, causing Plaintiff to be subjected to feces on the wall and contaminated water on the floor until he was moved to segregation on January 4, 2022.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148

F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial

7

risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

### 1. Denial of Meals

With respect to Plaintiff's allegations concerning meals, "[t]he Eighth Amendment imposes a duty on officials to provide 'humane conditions of confinement,' including insuring, among other things, that prisoners receive adequate . . . food." *Young ex rel. Estate of Young v. Martin*, 51 F. App'x 509, 513 (6th Cir. 2002) (quoting *Farmer*, 511 U.S. at 832). The Constitution "does not mandate comfortable prisons," however. *Rhodes*, 452 U.S. at 349. Thus, the deprivation of a few meals for a limited time generally does not rise to the level of an Eighth Amendment violation. *See Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (finding that the denial of seven meals over six days is not an Eighth Amendment violation); *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (concluding that the denial of five meals over three consecutive days, and a total of seven meals over six consecutive days, does not rise to Eighth Amendment violation, where the prisoner fails to allege that his health suffered); *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (providing a prisoner only one meal per day for fifteen days did not violate the Eighth Amendment, because the meals provided contained sufficient nutrition to sustain normal health); *see also Staten v. Terhune*, 67 F. App'x 462, 462–63 (9th Cir. 2003) (finding the deprivation of two meals is not sufficiently serious to form the basis of an Eighth Amendment claim); *Berry v. Brady*, 192 F.3d 504, 507–08 (5th Cir. 1999) (finding the denial of a few meals over several months does not state a claim); *Cagle v. Perry*, No. 9:04-CV-1151, 2007 WL 3124806, at *14 (N.D.N.Y. Oct. 24, 2007) (finding the deprivation of two meals is "not sufficiently numerous, prolonged or severe" to give rise to an Eighth Amendment claim).

Here, Plaintiff avers that he was denied dinner on both December 30 and 31, 2021. (ECF No. 1, PageID.4.) He did not receive breakfast, lunch, and dinner on January 2, 2022.

8

(*Id.*, PageID.4–5.) Plaintiff suggests that he only received 3 out of 9 meals from December 31, 2022, until January 2, 2022. (*Id.*, PageID.5.) Plaintiff's allegation that he was not provided all of his meals during this short period of time, coupled with an absence of allegations that Plaintiff's health suffered because of the skipped meals, fails to state a claim under the objective prong of the deliberate indifference standard. Accordingly, the Court will dismiss Plaintiff's Eighth Amendment claims premised upon the denial of meals.

### 2. Denial of Toilet Paper

Plaintiff alleges that Defendant Hartz refused to give him toilet paper on December 31, 2021. (ECF No. 1, PageID.4) He contends further that Defendant Hartz told him, "Wipe your a\*\* with your hands." (*Id.*) Toilet paper is "a basic element[] of hygiene." *See Carver v. Bunch*, 946 F.2d 451, 452 (6th Cir. 1991). Moreover, Plaintiff's allegation that Defendant Hartz told him to wipe with his hands allows the Court to infer that Defendant Hartz refused Plaintiff toilet paper with the intent to punish him. Plaintiff, therefore, has set forth a plausible Eighth Amendment claim against Defendant Hartz premised upon his denial of toilet paper.

Plaintiff also avers that when Defendant Pelky made rounds, he told him about Defendant Hartz's actions, but that Defendant Pelky "failed to help or do anything to stop these actions." (ECF No. 1, PageID.4.) It appears that Plaintiff has named Pelky as a Defendant because of his position as Assistant Deputy Warden. Government officials, however, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.

9

*Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff's complaint is devoid of facts from which the Court could infer that Defendant Pelky encouraged or condoned Defendant Hartz's conduct, or authorized, approved, or knowingly acquiesced in the conduct. Plaintiff's sole allegation is that Defendant Pelky failed to act upon his complaint regarding Defendant Hartz's conduct. As noted above, however, supervisory liability cannot be based upon a failure to act. *See Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899. Plaintiff's allegations are insufficient to demonstrate that Defendant Pelky was personally involved in the denial of toilet paper by Defendant Hartz. Because Plaintiff's allegation is premised on

10

nothing more than respondeat superior liability, he fails to state an Eighth Amendment claim against Defendant Pelky regarding Defendant Hartz's denial of toilet paper.

### 3. Denial of Cleaning Supplies and Cleanliness of the Observation Cell

Next, Plaintiff contends that Defendant Minthorn refused to give him cleaning supplies on December 31, 2021. (ECF No. 1, PageID.4.) Plaintiff wanted the supplies to clean feces off the cell wall. (*Id.*) He also wanted to clean "urine and feces water off the floor." (*Id.*) Plaintiff alleges that he endured these conditions until January 4, 2022, when he was moved to segregation. (*Id.*) Given these allegations, the Court concludes that Plaintiff has set forth a plausible Eighth Amendment claim against Defendant Minthorn premised upon the denial of cleaning supplies and exposure to the conditions within the observation cell. *See Taylor v. Riojas*, 141 S. Ct. 52, 53 (2020) (concluding that a prisoner who alleged that he was placed in "shockingly unsanitary" cells for six days, one of which was covered in "massive amounts" of feces and the other of which was equipped with only a clogged drain to dispose of bodily waste, stated a violation of the Eighth Amendment); *Taylor v. Larson*, 505 F. App'x 475, 477 (6th Cir. 2012) (concluding that a prisoner who alleged that he was forced to remain in a cell covered in fecal matter for three days stated a claim under the Eighth Amendment).

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Whitney, Johnson, Pelky, and Neubecker will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's Eighth Amendment claims concerning the denial of meals against remaining Defendants Minthorn and Hartz. The following claims remain in the case: (1) Plaintiff's Eighth Amendment claim against Defendant Hartz regarding the denial of toilet paper; and (2) Plaintiff's Eighth Amendment claim against Defendant

11

Minthorn regarding the denial of cleaning supplies and leaving Plaintiff in a feces- and waste-covered cell. The Court will also deny Plaintiff's motion to appoint counsel. (ECF No. 2.)

An order consistent with this opinion will be entered.

Dated: October 12, 2022  /s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE